IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
:
IN THE MATTER OF THE EXTRADITION  :  NO. 15 MJ 157 (JGM)
OF MANEA ORTANSA MIRELA  :
:
:  DATE: APRIL 5, 2018
---------------------------------------------------------x

RULING ON MOTION FOR AN EXTRADITION CERTIFICATION AND COMMITTAL ORDER (Dkt. #76) AND ON MOTION TO STAY EXECUTION OF RULING AND CERTIFICATE OF EXTRADITION AND MOTION TO CONTINUE AND/OR MODIFY CONDITIONS OF RELEASE PENDING HABEAS REVIEW (Dkt. #77)

Familiarity is presumed with this Magistrate Judge's sixty-two page Ruling on Request for Extradition, filed March 1, 2018, 2018 WL 1110252 ["March 2018 Ruling"]. On March 30, 2018, the Government filed a motion seeking (1) certification of defendant's extradition for the Secretary of State's decision in accordance with the March 2018 Ruling; and (2) defendant's remand, pursuant 18 U.S.C. § 3184, pending the Secretary of State's decision on her extradition to Romania. (Dkt. #76).[1] Defendant filed her brief in opposition on April 4, 2018. (Dkt. #79).

On March 30, 2018, defendant also filed her Motion to Stay Execution of Ruling and Certificate of Extradition and Motion to Continue and/or Modify Conditions of Release Pending Habeas Review. (Dkt. #77). On April 3, 2018, the Government filed its brief in opposition (Dkt. #78).

On March 30, 2018, Manea also filed her Petition for Writ of Habeas Corpus, assigned to Senior United States District Judge Charles S. Haight, Jr., Mirela v. USA, 3:18 CV 537 (CSH).

---

[1] Attached as exhibits were copies of Certifications of Extraditability and Orders of Commitment in multiple other cases (Exh. 1); copy of letter from Government's counsel, dated March 5, 2018 (Exh. 2); and draft Order, Certification, and Committal for Extradition (Exh. 3).

In her March 5, 2018 letter, Government's counsel represents that if defendant were to file a habeas petition, then the Secretary of State "will suspend review of this extradition, and will [start his] review only if and when the district court denies the petition[,]" and furthermore, if a habeas petition is filed, "there is no need for [defendant] to seek a court-ordered stay of surrender during the pendency of habeas litigation in the district court because the Secretary will not issue a surrender warrant, and [defendant] will not be surrendered to the foreign authority unless and until the district court denies the petition." (At 2-3)(emphasis & footnote omitted).[2] Notwithstanding the representation in this letter, in light of the Petition for Writ of Habeas Corpus, 18 CV 527 (CSH), defendant's Motion to Stay Execution of Ruling and Certificate of Extradition (Dkt. #77) is granted. See Suyanoff v. Terrell, No. 12 CV 5115 (DLI), 2014 WL 6783678, at *1 (E.D.N.Y. Dec. 2, 2014)(on the same date that the matter was certified to the Secretary of State, the execution was stayed to permit filing of habeas corpus petition); In re Extradition of Hilton, No. 13-7043 (JCB), 2013 WL 3282864, at *2-3 (D. Mass. June 26, 2013)(stay granted pending pursuit of habeas relief); United States v. Pena-Bencosme, No. 05 CV 1518 (SMG), 2007 WL 3231978, at *1, 9 (E.D.N.Y. Oct. 30, 2007)(granted stay of extradition to file habeas petition and then extended until a decision was rendered on his pending habeas petition); Spatola v. United States, No. 89-643-M, 1989 WL 126771, at *8 (E.D.N.Y. Oct. 20, 1989)(stay of extradition pending application of writ of habeas corpus). See also, e.g., Tavarez v. U.S. Atty. Gen., 668 F.2d 805, 811 (5th Cir. 1982)(district court has "inherent power" to stay extradition pending appeal of a denial of a habeas corpus petition); Nezirovic v. Holt, No. 13 CV 428, 2014 WL 3058571 (W.D. Va. July 7, 2014)(stay granted pending appeal).

---

[2]The Government does reserve its right to oppose any stay if an appeal is taken to the Second Circuit. (Id. at 3, n.3).

With respect to the issue of bond, the Magistrate Judge fully recognizes that at this point in the extradition process, it is extremely rare, given the language of 18 U.S.C. § 3184, for a defendant to remain on bond without remand to the U.S. Marshals. (See Dkt. #76, at 2-5; Dkt. #78, at 1-2). That said, "[i]t is well-settled that although there is a presumption against granting bail in an international extradition case, an extraditee may be granted bail –both before or after certification of extraditabilty–upon a showing of special circumstances." In re Kapoor, No 11-M-456 (RML), 2012 WL 2374195, at *3 (E.D.N.Y. June 22, 2012)(footnote omitted); see Wright v. Henkel, 190 U.S. 40, 63, 23 S. Ct. 781, 47 L. Ed. 948 (1903). In this case, given defendant's admirable compliance with her bond requirements (over and above virtually any other criminal defendant who has appeared before this Magistrate Judge over the past thirty-three years), given the indispensable role she plays as a single parent to her son (who has additional needs) and to her elderly parents (for whom she is the primary caregiver), given the high regard in which she is held by individuals (including a well-known celebrity) in her community, and given the delay by Romania of more than one or two decades in seeking defendant's extradition (see March 2018 Ruling, 2018 WL 1110252, at *2 & n.5, *3 & *27, n.65; Dkt. #77, at 2-3; Dkt. #79, at 6-15), this case presents "special circumstances" where defendant should remain on bond, but with the additional requirements of GPS monitoring (which will provide her exact location at all times) and additional co-signors of Attorney Francis O'Reilly and her son, Bogdan Porto. (Dkt. #77, at 2-3; Dkt. #79, at 15). Thus, the Government's Motion for Committal Order (Dkt. #76) is denied and defendant's Motion to Modify Conditions of Release Pending Habeas Review (Dkt. #77) is granted.

Counsel shall prepare a Certification for Extradition consistent with this ruling for the

Magistrate Judge's signature. Upon signing, the Certification will be stayed in accordance with this Ruling.[3]

Dated at New Haven, Connecticut, this 5th day of April, 2018.

                                                                               _/s/ Joan G. Margolis, USMJ_____
Joan Glazer Margolis
United States Magistrate Judge

---

[3] The Court, once again, commends AUSA Sarala Nagala and FPD Kelly Barrett for the quality of their written submissions and the professional manner in which they treat each other and the Court.